11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

William Fred Hamilton

Appellant

Vs.                   No.
11-00-00203-CR B Appeal from Harris County

State of Texas

Appellee

 

The
jury convicted appellant of the offense of bribery and assessed his punishment
at confinement for 5 years and a $1,000 fine. 
In accordance with the jury=s recommendation that the confinement
portion of the punishment be suspended, the trial court suspended the
imposition of the confinement portion of the sentence and placed appellant on
community supervision for 10 years.  We
affirm.

Appellant=s court-appointed appellate counsel has filed a brief in
which she states that, after a thorough review of the record, she is unable to
find any errors that can be advanced in good faith which would warrant a
reversal.  Following the procedures
outlined in Anders v. California, 386 U.S. 738 (1967), and Gainous v. State,
436 S.W.2d 137 (Tex.Cr.App.1969), counsel presents three arguable issues.








First,
counsel challenges the sufficiency of the evidence.  In reviewing claims of legal sufficiency, we review all of the
evidence in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State,
17 S.W.3d 664 (Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).  In deciding whether
the evidence is factually sufficient to support the conviction, we review all
of the evidence in a neutral light favoring neither party to determine if the
verdict is clearly wrong and manifestly unjust or  against the great weight of the evidence.  Johnson v. State, 23 S.W.3d 1
(Tex.Cr.App.2000); Clewis v. State, supra. 
We review the fact finder=s weighing of the evidence and cannot
substitute our judgment for that of the fact finder.  Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State,
supra.  Due deference must be given to
the fact finder=s determination, particularly concerning
the weight and credibility of the evidence. 
Johnson v. State, supra; Jones v. State, 944 S.W.2d 642
(Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997).

The
record reflects that appellant was employed by the City of Houston in the
collections division as a community liaison. 
Appellant was authorized to issue citations for violations of certain
city ordinances. 

Lonnie
Sewell testified that appellant issued him a citation for failing to remove
tree waste from the curb in violation of a Houston city ordinance.  Sewell stated that, after the citation was
dismissed, appellant called Sewell at home around 10:00 p.m. and stated that Ahe was going to have the case reopened if [Sewell] didn=t give him $400.00 the next day.@  The next day,
Sewell called his cousin who worked for the city and asked her what to do. 

The
next person Sewell talked to was Houston Police Sergeant Larry Buzo.  Sewell told Sergeant Buzo about appellant=s phone call the night before.  Sewell also gave Sergeant Buzo a written statement.  Sewell agreed to be Awired up@ with a tape recorder and to meet with
appellant.  Sergeant Buzo gave Sewell
$100.  

Sewell
arranged to meet appellant at Sewell=s mother=s
house.  Appellant arrived in a Acity car@ that had a solid waste sign on the
side.  Appellant told Sewell to get into
the car.  As they rode around, they
discussed the ticket.  Appellant wanted
$400.  Sewell gave appellant a $100 bill
and asked him Awould that take care of it.@  When appellant
responded:  A[N]o,@ Sewell asked appellant to give him a Acouple more hours@ to get the additional money.  Appellant drove back to Sewell=s mother=s house and told Sewell to Abeep him back on his beeper@ when
Sewell had the rest of the money. 
Sewell went inside the house until appellant left. 

Sergeant
Buzo took the tape Aoff of@
Sewell.  Later, Sergeant Buzo put 2 more
tapes on  Sewell and gave Sewell $60 to
give to appellant.  Sewell went back to
the house and called appellant=s beeper.  Appellant responded Aimmediately.@  This time,
appellant came to the house in his own personal car.  Sewell gave appellant the $60, and appellant told Sewell that
Sewell Awas going to have to give him another
additional 200 to pay his lawyer.@ 
Sewell told appellant that he would need more time.  Appellant then drove off.  








Sewell
stated that Sergeant Buzo removed the two tapes and checked to be sure that
Sewell had given appellant the $60. 
Sewell gave Sergeant Buzo a statement as to what had happened.  Sewell testified that he understood that
appellant was taking the money in return for not refiling the citation and that
the money was not Aany kind of political contribution@ to appellant.  

The
jury, as the finder of fact, is the sole judge of the weight and credibility of
the witnesses= testimony.  TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979
& 1981).  After reviewing all of the
evidence in the light most favorable to the verdict, we find that a reasonable
fact finder could have concluded that appellant committed the offense of
bribery and that the evidence is legally sufficient.  This court has the authority to disagree with the fact finder=s determination Aonly when the record clearly indicates
such a step is necessary to arrest the occurrence of a manifest injustice.@  Johnson v. State,
supra at 9. The evidence, when reviewed in a neutral light, is factually
sufficient; and we find that the conviction is neither clearly wrong and
manifestly unjust nor against the great weight of the evidence.  The first issue is overruled.  

Next,
counsel questions the effectiveness of appellant=s
trial counsel, Charles Freeman.  In
order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s representation fell below an objective
standard of reasonableness and, if so, then determine whether there is a
reasonable probability that the result would have been different but for
counsel=s errors.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex.Cr.App.1999). 
We must indulge a strong presumption that counsel=s conduct fell within the wide range of reasonable
professional assistance; and appellant must overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial
strategy.  Stafford v. State, 813 S.W.2d
503, 508-09 (Tex.Cr.App.1991). 

The
record reflects that trial counsel Mr. Freeman filed numerous pretrial motions
and that, during the course of three days, he conducted a thorough voir dire,
objected to testimony, vigariously cross-examined the State=s witnesses, attempted to exclude evidence, and presented
closing argument.  The record supports
the contention that appellant was afforded reasonably effective assistance of
counsel.








At
trial, appellant objected to the admission of the arrest warrant and the
supporting affidavit.  In the final
issue, counsel questions the sufficiency of the affidavit.  Sergeant Buzo=s
supporting affidavit states sufficient facts to authorize the issuance of the
arrest warrant.  The trial court did not
err in overruling appellant=s objection.  This issue is overruled.

Counsel
has furnished appellant with a copy of the brief and has advised appellant of
his right to review the record and file a pro se brief.  Counsel has complied with the procedures
outlined in Anders v. California, supra; Stafford v. State, supra; High v. State,
573 S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684
(Tex.Cr.App.1974); and Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).

In his
pro se brief, appellant details the events prior to his arrest.  Appellant states that he became involved in
the hopes of securing a Abig promotion@ if he Acracked the longest running illegal
dumping violation on the northside@ of Houston.  Appellant also contends that his retained counsel was Aintimidating and verbally abusive by directing [appellant]
to sign a couple of documents@ and that, had his counsel worn Aa coat and tie@ instead of Afull white linen garb with skull cap,@ then Aperhaps the outcome might have been
slightly different.@ Appellant further contends that the
trial court added an additional five years to the five years assessed by the
jury and that the trial court added eight stipulations to his probation, the
violation of any one of which would result in Athe
risk of going to@ prison. 
Appellant contends that ACounty Jail Employees@ informed his sister that his notice of appeal Ahad been granted@ and that, if he would drop the appeal,
appellant could Aget out of jail.@

The
record does not support appellant=s contentions in his pro se brief.  We note that the trial court followed the
procedures in TEX. CODE CRIM. PRO. ANN. art. 42.12, '' 4, 10, & 11 (Vernon Supp. 2001).  All of appellant=s arguments have been considered, and each is overruled.

Following
the procedures outlined in Anders, we have independently reviewed the
record.  We agree that the appeal is
without merit.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

November 8, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).  

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.